# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| Plaintiff | * | |
| | * | **CIVIL NO. 12-2675-TJS** |
| **v.** | * | |
| | * | |
| **$35,057.00 in U.S. CURRENCY,** | * | |
| Defendant**.** | * | |
| | * | |

**\*\*\*\*\*\***

## UNITED STATES' MOTION TO COMPEL APPEARANCE AT DEPOSITION AND TO EXTEND DISCOVERY DEADLINE

The United States, by Rod J. Rosenstein, United States Attorney, and Evan T. Shea, Assistant United States Attorney, files this motion to compel the Claimant Nabil Seidi to appear for a deposition. Over a period of 7 months, the Claimant has failed to appear in response to the government's deposition notices or otherwise make himself available for a deposition. Accordingly the Court should compel him to do so. If the Court grants the government's motion and compels the Claimant to appear, and the Claimant fails to appear again, the government will file a motion to strike Claimant's Claim and answer for failure to prosecute under Fed. R. Civ. P. 41(b).  Because additional discovery may be necessary in response to Claimant's answers to questions at his deposition, the Court should extend the discovery deadline 60 days from the date of its order on this motion, to allow for the deposition to proceed and for any follow-on discovery to take place.

1

## I.   Background

### A.   Allegations in the Complaint and Claimant's Claim

The government filed a Verified Complaint for Forfeiture ("the Complaint") on September 6, 2012, which alleged the following.  The Defendant Property was currency seized from a rental car during a traffic stop in October 2011.  Compl. Doc. 1 ¶ 3.  Maryland State Police Officers searched the car after a K-9 alerted to the presence of narcotics.  (Decl. to Compl.; Doc. 1-2 ¶ f).  The following evidence, among other evidence, developed during the stop and subsequent search, established probable cause that the Defendant Property was involved in drug trafficking: (1) the Defendant Property was separated into two places in the car (Doc. 1-2 ¶ g-h); (2) the driver, an individual other than the Claimant, claimed ownership of some, but not all, of the Defendant Property (Doc. 1-2 ¶ i); and (3) a K-9 alerted to the presence of narcotics on the Defendant Property, and chemical tests indicated that marijuana was present on the currency (Doc. 1-2 ¶ l-m).

The Claimant, Nabil Seidi, filed a claim asserting ownership of the Defendant Property on October 18, 2012, and an answer on November 7, 2012. Doc. 3, 4.  The Claimant's claim stated that the driver of the car from which the Defendant Property was seized, Khaled Sadye, was transporting the Defendant

Property for the Claimant to North Carolina, where the Claimant intended to open a business.  Doc. 3 ¶ 3.

### B.   Discovery to This Point

The government served the Claimant with special interrogatories on January 22, 2013, to which the Claimant responded on February 14, 2013.  *See* Ex. 2.[1] Upon serving the responses, Claimant's original counsel withdrew from the case. Doc. 8.  The Claimant took some time to find new counsel, but did so in July 2013. *See* Doc. 11.  The government then served the Claimant with regular interrogatories, requests for production of documents, and requests for admission on July 23, 2013.  After the Claimant failed to respond to these discovery requests, the government moved to compel the Claimant's responses on March 6, 2014. Doc. 15.  The Court granted this motion on March 24, 2014, and set a new discovery deadline of May 19, 2014.  Doc. 16.   On April 30, 2014, the Claimant responded to the government's written discovery requests as ordered by the Court.

The government then sought to take the Claimant's deposition, but the Claimant has failed to appear in response to the government's deposition notices or otherwise make himself available for a deposition.  The government first contacted Claimant's counsel regarding the scheduling of Claimant's deposition in early May

---

[1]     These were interrogatories limited to the issue of standing, pursuant to Supplemental Rule for Admiralty or Maritime Claims and Forfeiture Actions G(6).

2014.  On May 13, 2014, Claimant's counsel informed the government that the Claimant would be out of the country for at least two months, but would be available on or before the middle of August.  Accordingly, the government filed a status report on May 14, 2014, requesting with the consent of Claimant's counsel a 90-day extension of the discovery deadline until September 15, 2014, which the Court granted.  Doc. 27.   Subsequently, Claimant's counsel informed the government that the Claimant would not be available in August, but that he anticipated the Claimant being available before the end of September. Accordingly, on August 13, 2014, the government, with Claimant's consent, requested an extension of the discovery deadline until September 26, 2014, which the Court granted.  Doc. 29.

On September 15, 2014, having not heard from Claimant's counsel about a date certain in September on which the Claimant was available, the government issued a deposition notice to the Claimant setting his deposition for September 24, 2014.   Shortly thereafter, Claimant's counsel informed the government that his client was still not available.  Accordingly, the government canceled the September 24, 2014, deposition, and requested a final extension of the discovery deadline, moving it to January 23, 2015, which the Court granted.   Doc. 33.  The government stated in its request for the discovery extension, that if the Claimant

did not make himself available within the next 90 days, the government would file a motion to compel or seek other appropriate relief. *Id*.

Accordingly, on September 24, 2014, the government issued a deposition notice to the Claimant, setting his deposition for November 17, 2014. *See* Ex. 1 attached hereto. In the cover letter to the deposition notice, the government informed Claimant that it would assume he would be appearing for the deposition on November 17 unless the government heard otherwise from him, but that government was flexible if another date was more convenient. *Id*. The government stated, however, that because of the discovery deadline, the deposition must be held before December 19, 2014, and that if the Claimant failed to make himself available before that time, the government would file a motion to compel or seek other relief. *Id*.

The government did not hear from Claimant's counsel until November 17, 2014, the day the Claimant's deposition was scheduled. Claimant's counsel stated that he had recently received correspondence from his client, and that he hoped to be able to provide a date on which he could be deposed soon. Because no date certain had been provided for the deposition, the government proceeded that day to make a record of the Claimant's non-appearance with the court reporter that had appeared for the deposition. *See* Ex. 2 attached hereto. The government

responded to Claimant's counsel, stating that if the Claimant did not appear for a deposition before December 19, 2014, the government would seek a motion to compel.  To date, Claimant has not provided a date on which the Claimant is available for a deposition.

## II.    Argument

### A.    The Court Should Compel Claimant to Appear for His Deposition

The government moves under Federal Rule of Civil Procedure 37(a) for an order compelling the Claimant to appear for a deposition at a time convenient for the parties no later than 30 days from the date of the Court's Order.  The Claimant has been unavailable for a deposition for 7 months, and most recently failed to appear at a deposition noticed for November 17, 2014.   The litigation cannot proceed until the government deposes the Claimant, and as reflected above, the Claimant appears unwilling or unable to appear without involvement of the Court.

### B.    The Court Should Extend the Discovery Deadline until 60 Days After it Rules on the Government's Motion.

It is possible that the Claimant's answers to questions at his deposition will require some limited amount of additional discovery by the government. The current discovery deadline is January 23, 2014.  Accordingly, the government requests that the discovery deadline be extended until 60 days after the Court rules on the government's motion, which, if the Court grants the government's motion,

will be 30 days after the date by which the Claimant must appear for his

deposition.

### C.     Should the Court Grant the Government's Motion to Compel, and the Claimant Fails to Appear, the Court Should Strike Claimant's Claim and Answer.

If the Court grants the government's motion to compel, and the Claimant

fails to appear for a deposition as directed, the Court should strike Claimants'

claim and answer for failure to prosecute under Fed. R. Civ. P. 41(b).  Although

the Claimant is not a plaintiff in a civil case, others courts, including a court in this

district, have applied Fed. R. Civ. P. 41(b) to Claimants in civil forfeiture actions,

and this Court should do so as well.   *See United States v. Real Property Located at*

*2855 Peter Street in Honolulu*, 2014 WL 279598, *5-7 (D. Haw. Jan. 23, 2014)

("[w]hether this court considers dismissal of [the civil forfeiture claimant's] claim

under Rule 41(b) or the court's inherent power, the analysis is the same"; applying

the Rule 41(b) factors and dismissing the claimant's claim under the court's

inherent power to dismiss because the claimant's failure to comply with the Local

Rules and failure to prosecute its claim have unreasonably delayed resolution of

the case to the detriment of the court and remaining parties); *see also United States*

*v. $10,037.00 in U.S. Currency*, D. Md. Civ. No. CCB-12-0811 (Doc. 44 and 46)

(giving the claimant 60 days to appear and then dismissing her claim and answer

under Fed. R. Civ. P. 41(b) when she failed to do so).[2]  In the Fourth Circuit, the factors that govern a Rule 41(b) dismissal are: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the existence of a drawn out history of deliberately proceeding in dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Hillig v. Commissioner of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990).

Here the delay has been the responsibility of the Claimant. As stated above, the government has been seeking to schedule Claimant's deposition for months. Nor is this the fault of Claimant's counsel, who has been responsive to government counsel's inquiries and appears to have been attempting to reach Claimant schedule the deposition.  This litigation, filed over two years ago, has been delayed by Claimant's dilatory responses to discovery already.  *See* Doc. 16.  (order granting government's motion to compel answers to written discovery responses). Now, the case has been on hold pending the Claimant's deposition.  And with respect to an appropriate remedy, there is no way that the government can complete its discovery without the Claimant appearing for a deposition, so after a motion to compel, no less drastic sanction would be effective.

---

[2] *But see, United States v. U.S. Currency In the Amount of Six Hundred Thousand Three Hundred and Forty One Dollars and No Cents ($600,341.00),* 240 F.R.D. 59, 63 (E.D.N.Y.2007) (finding that Rule 41(b) does not apply to *in rem* claimants); *cf. Societe Int 'l Pour Participations v. Rogers (Societe Int'l),* 357 U.S. 197, 207 (1958) (stating that Rule 41(b) "is on its face appropriate only as a defendant's remedy").

Notwithstanding these facts, the government submits that it would be appropriate for the Court to issue an order compelling the Claimant to appear for his deposition, within 30 days of the Court's order, before ruling on a motion to strike Claimant's claim and answer.  If the Claimant fails to appear, the government will seek and the Court should grant, a motion striking Claimant's Claim and Answer.

**IV.   Conclusion**

For the foregoing reasons, the government asks the Court to order the Claimant to appear for a deposition within 30 days of the Court's order and to extend the discovery deadline by 60 days from the date the Court rules on this motion.

This 18th day of December, 2014.

Respectfully submitted,

ROD J. ROSENSTEIN
UNITED STATES ATTORNEY

/s/_____
Evan T. Shea
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, MD 21201
410-209-4982

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing motion was filed using CM/ECF on

December 18, 2014 and served on all parties electronically via that system.


/s/_____
Evan T. Shea
Assistant United States Attorney